*297 OPINION.
Black :
In support of his contention that the Board should allow the full amount of his claimed loss of $20,000, the petitioner- cites City Builders Finance Co., 21 B. T. A. 800, and Peabody Coal Co. v. United States, 8 Fed. Supp. 845. We have examined these cases and we do not think they are in point.
In the City Builders Finance Co. case, the taxpayer was the owner of 32y2 shares of stock in another corporation and had a cost basis therefor which was not in dispute. The 32y2 shares which it owned was a one-eighth interest in the other corporation. In the taxable year a 100 percent stock dividend was declared and paid in order to give an interest to an outside party which was to render certain aid to the corporation. The taxpayer had to turn in its part of this stock dividend for issuance to this outside party. When all this was finished the taxpayer owned only a one-sixteenth interest in the corporation, whereas prior to the transaction in question the taxpayer owned a one-eighth interest in the corporation. Under these circumstances we allowed the taxpayer to deduct the full cost allocated to the shares which it turned in for issuance to the outside party. In that case none of the stock was turned in to the issuing corporation for cancellation and retirement by it, and the book value of the taxpayer’s remaining stock in the corporation was not increased.
In the instant case, the 200 shares of stock in the shoe company were not reissued to some outside party, as was the case in City Builders Finance Co., supra, but were canceled by the shoe company. To the same effect as was our decision in City Builders Finance Co., supra, was the decision of the Court of Claims in Peabody Coal Co. v. United States, supra.
*298 In the Peabody Coad Co. case the taxpayer transferred a part of the stock which it owned in a subsidiary corporation to some investment bankers in consideration of their lending their services in financing the subsidiary. Under those circumstances the Court of Claims allowed the taxpayer as a loss in the taxable year the full amount of the cost of the stock which it transferred to the investment bankers. In its opinion the Court of Claims distinguished the facts in the Peabody Coal Co. case from those present in Helene Baldwin Burdick, Executrix, 20 B. T. A. 742; affd., 59 Fed. (2d) 395. In discussing the Burdick case, the Court of Claims said:
The case of Burdick, Ex’x, v. Commissioner, supra, was appealed to the Circuit Court of Appeals for the Third Circuit and, by that court, affirmed. In that case the principle involved in the Wright Case, and here contended for by plaintiff, was applied but the loss allowed was measured by the total cost of the stock surrendered reduced by the definite and determined increase in value attaching to the remainder of the stock held by the stockholder through the surrender by him to the corporation for cancellation of a certain number of shares of outstanding preferred stock. With that result we entirely agree, but the same situation is not present here.
We think the facts of the instant case fall within the ambit of the Burdick case. A brief review of the facts of the instant case will show why we think the instant case should be decided in accordance with the principles of the Burdick case. The Grossman Shoe Co., in which petitioner owned a very substantial interest, had fallen into serious financial difficulties and it seemed doubtful that it could continue in business. Petitioner and Ahner were the principal stockholders, but Ahner refused to put up any more money for the corporation. He did agree that he would surrender all his 450 shares in the corporation for $1,000 and the release by petitioner of a guaranty which Ahner had given petitioner to stand good for one-half of $30,000 indebtedness which the corporation owed to petitioner. This Ahner transaction was cleared through petitioner, but it was for the benefit of the corporation and petitioner claims no gain or loss by reason therefor. Neither does the respondent. But at the same time as the Ahner transaction was made, petitioner turned in 200 shares of his own stock in the shoe company for cancellation by the corporation, for which he received no monetary consideration. He claims a loss of the full cost of this stock, $20,000.
Petitioner was the owner of 550 shares in the shoe company just prior to the time he surrendered these 200 shares for cancellation. Thereafter he remained the owner of 350 shares in the corporation and the book value of these 350 shares was very materially increased by the cancellation of the 200 shares in question, as was also the book value of stock owned by the other stockholders. This increase in *299 the book value of petitioner’s remaining 350 shares must be deducted from the total cost of the 200 shares surrendered to arrive at the loss which petitioner is entitled to take under the rule of the Burdick case. We ñnd that the book value of petitioner’s remaining 350 shares was increased by $10,178 by reason of the cancellation of the 200 shares. By deducting this $10,178 from $20,000, the stipulated cost to petitioner of the 200 shares canceled, we arrive at a loss of $9,822 on the stock canceled. The latter amount should be allowed as a deduction to petitioner in a recomputation of the deficiency under Bule 50, instead of the $20,000 loss which he claimed on his income tax return.
Petitioner in his brief arrives at a figure of $11,288.50 for the claimed loss instead of the $9,822 which we have named above. The reason for this difference is that petitioner has excluded from his computation in arriving at the loss $8,933.92 deferred charges included as assets in petitioner’s balance sheet on the basic date. We know of no warrant in law for excluding this $8,933.92 and there is nothing in the facts which justifies this exclusion in making the apportionment.
The $10,178 of the $20,000 loss wliich petitioner claims, which is disallowed for the reasons above stated, will of course be added to the cost basis of petitioner’s remaining stock in the shoe company and will be recovered by petitioner when his remaining stock is sold or otherwise disposed of.
In support of his contention that when petitioner surrendered 200 shares of his stock to the shoe company it was a capital contribution to the corporation and petitioner is not entitled to take any loss by reason thereof, respondent cites Charles M. Haft, 20 B. T. A. 431, and Bed Rock Petroleum Co., 29 B. T. A. 118. We think both of these cases are distinguishable on their facts. In the Charles M. Haft case all the stockholders surrendered and had canceled 50 percent of their stock. We held that in view of the fact that all stockholders had made a ratable contribution of their stock to the corporation their relative positions in the corporation remained the same, and therefore there was no deductible loss.
To the same effect was the Bed Rock Petroleum, Co. case, supra.
We have no such situation here. After the Ahner stock was turned in and canceled for $1,000, petitioner was the only one of the remaining stockholders who turned in stock for cancellation. Under these circumstances we think that the rule of the Burdick case applies, instead of the rule followed by the Board in the Haft case and the Bed Rock Petroleum Co. case.

Decision will be entered wider Rule 50.